17-28-89 Dolores Evans Lewis v. Metropolitan Blount Recreation District, O'Brien, Toronto Good morning, Your Honor. I ask for your support in this case of counsel. My name is Michael Greco, and I represent the petitioner appellant, Dolores Evans Lewis, in this case. This case is actually now 16 years old. In December of 2001, Ms. Evans Lewis was the victim of a violent attack by a supervisor at her employer, the respondent, Metropolitan Blount Recreation District, O'Brien, Chicago. She immediately started medical treatment while in the emergency room. She also- Counsel, the issue is, should it have been DWP or not? Yes, that's right, Your Honor. That's right, Your Honor. This is a case of first impression inasmuch as I could not find any cases where the case was DWP-violently arbitrated with both the petitioner and counsel present. Well, you've got some unusual effects, don't you? Does that mean this case was 12 years old? Yes, that's correct, Your Honor. And how many times had it been DWP-ed before, the final? It had been DWP-ed three. The first was in 2003, I believe, when it was reinstated. The second was a conflict at a status call, and it was reinstated. That was 2009. Late in 2009, the case was specially set before arbitrator Puglia on December 15th. Intervening before that, she had a status call that was missed on December 8th, 2009. So because it was specially set, the veteran did not attend the status call. It was DWP inadvertently, and it was promptly reinstated. So it was not a DWP because the case was abandoned. In fact, the case was set for trial in July of 2011. There is a stipulation sheet for July, I believe it's July 29th of 2011. That's C213 and 214 in the record. So there's definitely a stipulation sheet filed. I don't know if that was an issue. All right. Well, what is our standard of review? The standard of review is whether the commission decision is against certain efforts. No, that's not the standard of review. It's whether there was abuse of discretion in dismissing the case. Abuse of discretion as to the dismissal of the case. Right. Yes, that's correct. Do you know how abuse of discretion is defined? Yes. It's if the decision essentially has to be arbitrary or capricious. And no reasonable person would agree with it. No reasonable person would agree with it. Well, tell us why no reasonable person would agree with the commission's decision. Because both the attorney and the client were present and had requested to pursue the trial present at the time. But the arbitrator found that you were not prepared to go to trial because you couldn't answer the simplest of questions as relating to your case. So you only asked for the, to go to trial after she refused your continuance that wasn't in accordance with the commission's rules. Right. But there's nothing prohibiting the request for continuance. I did request a continuance. You requested it verbally, but you didn't send the notice to the commission or to your opponent. No, that's correct. Yes. And so she turned down the request for continuance, and it was only after she turned down the request for continuance that you said you wanted to trial. Correct. And then she asked you some questions you couldn't answer. I didn't have the answers at my fingertips. I just walked into the room, Judge. Well, yeah, but the commission affirmed the dismissal for want of prosecution because they found you couldn't answer the simplest of questions, and therefore you weren't really prepared to go to trial. There really is not a record of the actual questions and answers. I did not have a couple of answers at my fingertips. Can I ask you sort of a general overarching question that I think is really hanging over this entire case? Yes, Judge. Why was the case not brought to trial after 12 years? Isn't that a long time, 12 years? That's definitely a long time by any measure, Your Honor. There was a state motion presented by the district in 2006. There was a civil rights litigation pending between the parties in federal court that I believe completed approximately 2008. And there was a, to speak locally, there was a riot with Judge Jameson. We had the case a couple of times before our transfer in 2011. And then she was transferred down the state. The case was transferred to Judge O'Malley. We had multiple retrials. There were 200 cases pending, which is part of the complication, Judge Hudson, Justice Hudson. Two other cases were pending. The settlement were that ultimately at the time of Judge O'Malley, or Arbitrator O'Malley's entry into the case, there were three pending cases before the commission. The 2007 case, the 2012 case, as well as this 2002 case. Arbitrator O'Malley worked very hard on this, as did I, as did Ms. Hudson. So it was his little district. And we came close to a comprehensive settlement of all issues, of all cases that were pending between the parties. And then O'Malley was, ultimately the district would not agree to the terms of the settlement. And they had been, Judge McGarrett, counsel's predecessor, or, pardon me, John McGarrett, the district's attorney, a couple of attorneys prior to my opponent, had indicated that we would most likely be able to settle when we were before Arbitrator O'Malley and Ms. Hudson in 2012-2013. Unfortunately, that did not happen. When the case was called before Arbitrator Carlson, it was actually the first time, first status call we had ever done before him. And so the first status call and the first appearance. So he said that he wanted to have a pretrial as soon as I walked in the room, he asked me these questions. But I should have had the answers right. I did not. That does not mean that I was not prepared to proceed to trial. If we asked you to summarize briefly how the ruling by the Commission was arbitrary and unreasonable in light of the 12-year delay you've alluded to and all these DWPs and everything granted, how would you summarize as to why you believe the Commission's decision on that issue was arbitrary and unreasonable? Because you have an arbitrator acting on his own summary, his own editorial observations about the attorney's level of preparation. And the scenario is saying, no, not only do I refuse the oral request for continuance, not a time to request for continuance, not only do I refuse it for continuance, in defiance of Commission Rule 20.60c.3, I'm going to prevent you from going to trial. That is arbitrary and depreciates by the arbitrator. Thus, the Commission's finding based on editorial observations of the arbitrator and perhaps even a personality conflict between him and the attorney and me, it's not a basis for a DWP in the case. A DWP is one under 7020.60c.2. That's when the petitioner fails to appear at a status call or fails to appear for trial, of course. If a petitioner appears at a status call, which is a trial date, and he's clearly unprepared for trial, doesn't the Commission have the right DWP the case then? I submit that it should proceed to trial. I don't believe that. It should proceed to trial when the petitioner is not prepared to proceed to trial? There's no evidence before you. No, no. I asked you a question. Yes. Does the Commission have the power to DWP a case on a status call date, even though the petitioner is there and the petitioner's attorney is there, if the petitioner is not prepared to go to trial? No, Your Honor. They don't have the right to DWP the case. They don't have the right to control their own document. They have the right to control their own docket. However, the Commission has to fund it. It's an agency. It's not a court. They have to follow the Commission rules. Why wouldn't the Tribunal have the inherent power to control its own docket? It's established by statute, Your Honor. So? We apply the Civil Practice Act to what they do, too, and they haven't adopted that. But what I'm suggesting to you is whether a party is prepared to go to trial or not prepared to go to trial is a factual question. And they've made that decision, and the Commission made a finding and said you weren't prepared to go to trial. Now, that finding is entitled to deference, and it can't be overturned unless it's against the manifest weight of the evidence. There's no evidence in this record to suggest that you were prepared to go to trial. So if we assume that we have to accept their finding that you weren't prepared to go to trial, the next question, and that's the legal question, if a party is not prepared to go to trial on a set status date, does the Commission have the ability to DWP their case? That's the legal issue. You say no. Yes, Your Honor. Under the Commission rules, it's clear the situation is in which the case can be DWP'd. That's what now means. And again, we're talking about preparation of the attorney, not preparation of the petitioner. If the petitioner is also present and able to proceed, why would it not be more appropriate to disqualify the attorney or to allow him to proceed? Why would you disqualify the attorney? It would delay it, wouldn't it? Now we're getting into more far-fetched scenarios because Arbitrator Carlson decided to deviate from the Commission rules and from the Act. It is so very smartly that it is a derogation of the Commission rules and of the Act. This isn't the basis in the codicil procedure or in the Commission rules or in the Workers' Compensation Act for the arbitrator to make its own editorial determination and to offer his own personal opinion, but the attorney isn't prepared, and so he can't proceed with trial. There's just no basis for it, Your Honor. To establish the weakness, the feebleness of Arbitrator Carlson's finding, to confirm the feebleness of Arbitrator Carlson's finding, he didn't even file a decision. There's an unfiled, unstamped decision that is in the record that the Commission utilized, I submit, incorrectly, and there's an unfiled, unstamped order. Well, there's no question in the record that the long order is exactly what he did. There's absolutely no question based on this record. The long order is the order that he did. The other one was a form order with a stamped signature. Right, but it still said that it was DW, the case was DW. Because someone didn't come. That simply was a form order that some clerk stamped. The other order that he actually signed that had the real signature on it is exactly what happened in this case. Your Honor, I submit that that's inaccurate. What's inaccurate about it? I did demonstrate that I requested to proceed with trial and that I had the information prepared to go to trial. I didn't have the information at my fingertips is what's in the record. But the record doesn't show that you were prepared to go to trial. It showed that you didn't answer the questions. You didn't know how much time your client had been off of work. He has some other questions, too, that you couldn't answer. I did answer that question. It was December 2001 to July 2003, and that is what is in the request for hearing that was filed in Exhibit C-213 and C-214 in the record. Granted, that's from July 2011, but I did have the information. My client was off and some more after that. However, she had additional cases and additional injuries, including the 2007 injury. So the record had that before you. It shows that I indicated that there were approximately 14,850 unpaid medical bills and that there was a temporary total disability. The record before the arbitration and the case with DWP shows that you knew what the medical bills were? That's right. I believe it was. I have to double-check. June the 13th, 2014? Yes, that's right. You said you knew what the medical bills were? The record shows that you said you didn't know. It might have been July 10th. I believe it was September 10th. I had in the June 13th C-92 of the record, Your Honor. I thought that was the June 13th transfer. Okay. We'll give you some time now to rebuttal. Response? Good morning, Your Honors. May I please support counsel? My name is Lisa Barbieri, and I represent the respondent, Apelli, a Tripolitan water recognitionist for Greater Chicago in this matter. This case boils down to two things, time and fairness. Petitioner had 12 years to prosecute a claim. The arbitrator probably made the decision to end this 12-year odyssey after counsel asked for continuance on the trial date and then could not provide adequate responses to basic facts necessary for the trial. Can I ask you, before you go on, a central statement he's arguing. He seems to be arguing that the commission, under its own rules, was not permitted to do what it did because he was there present before the commission. What do you respond? How do you respond to that? My response is the commission's rules clearly state if you want a continuance, you have 15 days prior to the status call date to request a continuance in writing. There's some question he didn't comply with the commission's rules to get the continuance. But assuming that one doesn't comply with the commission's rules to get the continuance but stands there and says, I'm ready for trial, does the arbitrator have the ability to make a factual determination that they're not ready for trial and DWP their case based on that? Well, I would submit that in this case, before counsel said he was ready for trial, he asked for a continuance. So, you know, it's one thing to say, oh, I didn't really mean that. I really am ready to go. So I think arbitrator Carlson took the whole context of this case, the 12 years, the fact that counsel first requested the continuance. He didn't comply with the rule that he should have had, if he wanted the continuance, put it in writing. And lastly, he had no stick sheet. He couldn't answer the questions that he needed to for trial. But he announced that he was ready, nevertheless, that he announced he was ready? He did. Yes, he did. He did announce that he was ready. I think Carlson sat there and said, you know what, after he requested the continuance, you know, all those things I just pointed out, come on, enough is enough here. It's 12 years old. What about the idea that the court has an inherent authority to control the docket? What about the argument counsel makes that we have to strictly abide by the commission rules and not the case law that says administrative boards and courts have an inherent power to control these dockets? This matter is set for the final trial. There's some vacillation. What about that? I would say, I would submit that the commission has the power to control its own docket. They have the right to say that if you're not timely, I mean, under the case law, it says just as a petitioner loses his right to proceed before the commission by failing to file a timely petition as a legally binding decision by the arbitrator, so, too, may he lose his right to be heard by the commission after a timely petition has been filed by failing to proceed in accordance with the statutory requirements from government. This may not be as easy a question as we've seen because, just as Kavanaugh said, it caused me to think about something. The CAP Act is a creation of statute, isn't it? Correct, yes. So does the general inherent rules of jurisdiction and ability to control a docket apply to an agency that's a creation of statute? I mean, if they theoretically say we can only do this under these circumstances, does some general inherent authority that applies to other courts trump their rules? No, I would not. Well, that's what he seems to be hanging on by and saying that, hey, I was there. I said I was ready. But first I said the continuance. Right, but then he did say he was ready. So does that enter into the mix at all? No, I would not. I think at this point, looking at the case law, this 12-year time span is ridiculous. There's no question 12 years is ridiculous, but that's not the issue. The issue is should it have been dismissed on that date when the continuance was denied? Now, there has to be something more than the continuance being denied, and he says I'm ready for trial. If he says I'm ready for trial and there's no indication he's not ready for trial, what right does the arbitrator have to DWP his case? Well, the commission looked at the transcript that was made. The commission looked at that transcript, and the commission agreed with Arbitrator Carlson. Agreed with what? What did Arbitrator Carlson find? He found that counsel wasn't ready for trial. Ah, okay. Now we get to the issue. If a party is not prepared for trial on the date it's set for trial, does the commission have the inherent authority to control its docket and DWP the case? The opposition is that. Well, it's what the case is about. If, in fact, he's not ready. If somebody walks into a court, any court, and says we'd like a continuance, Judge, and it is denied, and the attorney says okay, then we're ready to go to trial, can the judge not say I know your case better than you, you're not ready for trial, I'm dismissing it? Does that sound right? But he specifically asked questions. He was looking for a stitch sheet that was never presented. He looked at the context of the situation. At that point, he decided. But does the court normally have the right, with a specific question, to decide for the attorney whether the attorney is ready to try the case? Is that within the court's province to decide if an attorney is ready to go? No. And at that point, a judge could go ahead and say go ahead and put the case on, knowing it's going to be a disaster. But in this particular instance, I think it got to a point where after this much time, after not following the rules, it came to a head. And he decided, you know what, I can't continue this any longer. And there was no reason given for the continuance, ever. Counsel, you cited a case in response to my question. I'm curious what the proposition of law is. And was that a workers' comp case? Yeah. Do you recall what you cited from, with regard to courts and parent authorities? It's under Brownberg. It is a, yes. Yes, it's a commission case. In the case, it's a petition for reinstatement before the commission. And the case also stands with the proposition. No, that's true. But the overriding question is, do they have the authority to control their docket and dismiss the case when a party is not ready? That's really the overriding question. Yeah, there's no question that it's a discretionary issue whether they should reinstate the case. It was a discretionary issue as to whether they would dismiss the case. So the courts always have the inherent power to control their docket. But what we normally see is the old call your first witness. That didn't happen here. Correct. So I think that's sort of a rub as to whether or not the court has this further power to sort of And if you're not, I have the power to control this docket, and therefore we're going to call it a case. But there is a distinction, a rub that we're trying to get to. This is a slippery slope. Wouldn't it be to renounce a rule that the court can decide for counsel when counsel is ready to try a case? Isn't that a little bit of a slippery slope? I mean, what the arbitrator should have done if the arbitrator didn't think that the call your first witness and ruled against him. It wouldn't be here. Agreed. Okay.  Thank you, Your Honor. Thank you, Your Honor. I think you've hit on exactly the issues that the call your first witness would have been the appropriate response by arbitrator Carlson. And you don't want to tell us what you would have done, right? It would have been a better response. It would have been a better response. We're not suggesting to you we found that what he did was inappropriate.  I understand, Your Honor. I submit that what he did was inappropriate, respectfully, because there is, though, inherent authority. Your Honor, Justice Kavanaugh, you asked him, opposing my opponent, what's the authority for the court's inherent power. She cited Browner. Browner stands for application of the commission rules. The Workers' Compensation Act and the Workers' Compensation Commission are breaches of statute. Again, Workers' Compensation Commission is not a court. It's an administrative agency. It's got to be bound by its rules, and it has to be bound by its act. The slippery slope, Justices, there's no question about it. The arbitrator, on his first time seeing the parties to this case, decides that, as Counsel said, going to trial would be a disaster, or taking into account the context of the situation, he knows nothing about the case. There was no basis for him to determine that the case had to be DWP. The age of the case is reflected in the part, as I said, by the defendants and respondents' motion for stay in 2006 while the litigation was pending, the fact that other cases were pending, and the fact that Arbitrator Puglia, who had a case teed up in July of 2011, which by itself would be a long time, was transferred downstate. And Justice O'Malley, Arbitrator O'Malley had the case for a year. We almost had to settle for that. He's transferred before we could proceed to trial. So from the respondent, you hear a lot of the context of the situation and the speculation that going to trial, call your first witness, an inappropriate response by the arbitrator would have resulted in a disaster. The petitioner was definitely prepared to go to trial. I submit that I, as her attorney was as well, even though I did not have the information all at my fingertips, and I submit that the court did not have discretion in this case to make the findings that he did, to use those findings as a basis for an unspecified control of the arbitrator's docket finding. For that reason, the re-application of editorial remarks of the late comers to the case, that Arbitrator Carlson was there on his first time at the case. So you're repeating yourself. I'm sorry, Judge. I submit that there is no basis for the commission's decision or the agency action. For that reason, I ask that you give it reverse. Thank you, Your Honor. Thank you. The matter will be taken under advisement. Madam Clerk, call the last case.